NUMBER 13-09-00598-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG






IN RE: DAVID THERIOT





On Petition for Writ of Mandamus. 





 

 MEMORANDUM OPINION


 

 Before Justices Yañez, Benavides, and Vela


Memorandum Opinion Per Curiam





 On October 30, 2009, relator, David Theriot, filed a pro se petition for writ of
mandamus, in which he complained that the trial court, the 329th District Court of Wharton
County, had refused to rule on his motion for an out-of-time appeal. On November 4,
2009, this Court requested a response from the State of Texas, by and through the
Criminal District Attorney in and for Wharton County, Texas. 

 On November 12, 2009, the State of Texas, by and through Josh W. McCown,
District Attorney for the 329th Judicial District, filed a response. In the response, the State
asserted that relator is not entitled to an appeal because: (1) pursuant to a plea-bargain,
he entered a plea of guilty; (2) the trial court accepted the plea-bargain, and imposed 

punishment consistent with the plea agreement; and (3) the trial court's certification states
that this is "a plea-bargain case, and the defendant has NO RIGHT OF APPEAL," and
"[t]he defendant has waived the right of appeal." (1) The State attached (1) a copy of "plea
admonishments" and waiver of right to appeal, signed by relator; (2) a copy of the "agreed
punishment recommendation," signed by relator; and (3) a copy of the "trial court's
certification of defendant's right of appeal," stating that relator has no right of appeal. 

 Although the State's response addressed the reasons that relator's motion for an
out-of-time appeal should be denied, it did not address the specific matter of which relator
complains: that the trial court has "refused to act" on relator's motion. Accordingly, we
grant relator's petition for writ of mandamus and order the trial court to rule on relator's
motion for an out-of-time appeal. We are confident the trial court will comply; the writ will
issue only if it does not. 

 PER CURIAM

Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this

13th day of November, 2009.
1. Texas Rule of Appellate Procedure 25.2(a)(2) states: 

 



A defendant in a criminal case has the right of appeal under Code of Criminal Procedure
article 44.02 and these rules. The trial court shall enter a certification of the defendant's right
of appeal each time it enters a judgment of guilt or other appealable order. In a plea bargain
case--that is, a case in which a defendant's plea was guilty or nolo contendere and the
punishment did not exceed the punishment recommended by the prosecutor and agreed to
by the defendant--a defendant may appeal only:


(A) those matters that were raised by written motion filed and ruled on before trial, or


(B) after getting the trial court's permission to appeal. 


Tex. R. App. P. 25.2(a)(2).